### STATE OF IOWA V. SAMUEL HOPKINS, Appellant.

**Criminal Practice:** INTOXICATING LIQUORS.  Circumstances indicated in what county the liquor was sold.  The venue was submitted to the jury.  No complaint was made except by a statement in motion for new trial that "upon the whole record, no legal judgment can be pronounced." *Held*, it will not be held on appeal that venue was not proven.

**INSTRUCTIONS CONSTRUED TOGETHER.**  One charge stated that guilt must be shown beyond reasonable doubt.  Another dealing with the time in which the offense must be shown to have happened, did not state that it was to be shown beyond a reasonable doubt. *Held*, no error.

**VERDICT** is not illegal because it is joint as to several stated counts without separate verdicts on each count.

*Appeal from Benton District Court.*—HON. JOHN R. CALDWELL, Judge.

·WEDNESDAY, APRIL 3, 1895.

Defendant was accused by information, in seven counts, of selling intoxicating liquors contrary to law. Trial was had before a justice of the peace, and judgment rendered against defendant on certain of said counts, from which he appealed to the district court. The case was tried in the district court to a jury, and a verdict returned against the defendant on the first, second, and fourth of said counts. Judgment was entered on the verdict. Defendant appeals.—*Affirmed.*

*Tom H. Milner* for appellant.

*Milton Remley*, attorney general, and *Thomas A. Cheshire* for the state.

Given, C. J.—I. Appellant's first contention is that no legal judgment can be rendered against him, because it was not proven that the sales of intoxicating liquors testified to have been made by defendant were made in Benton county. One ground of defendant's motion for a new trial was, "Because, upon the whole record, no legal judgment can be pronounced." It does not appear that the question now made was called to the attention of the district court, except by this general statement, which does not, of itself, even suggest the claim now urged. The court instructed the jury that the charge was of unlawfully selling intoxicating liquors in Benton county, Iowa; that defendant by his plea of not guilty, had denied "each and every one of said charges"; and that the burden was on the state to establish the charges beyond a reasonable doubt. Now, while it is true that no question was made on the trial as to the venue, that issue was submitted to the jury. While neither of the witnesses testifying to sales of liquor by the defendant stated in so many words that the sale was in Benton

county, each testified to facts and circumstances from which the jury was warranted in finding that it was in Benton county, Iowa.

II.   In the fourth paragraph of the charge the court instructed as to the time within which the sales charged must be proven to have been made.   Defendant complains that the jury was not told that the time must be proven beyond a reasonable doubt. Time was a part of the charge, and the jury was previously told that the charge must be established beyond a reasonable doubt.

III.   The court submitted only two forms of verdict, guilty and not guilty,—with a blank for the number of the count or counts.   The verdict is as follows:  "We, the jury, find the defendant, Samuel Hopkins, guilty on the first, second, and fourth counts of the information."  Defendant contends that there should have been a separate verdict on each count.  The verdict returned as expressly passes upon each count submitted to the jury as if it had been written on three separate forms.  No objection was made to the form of the verdict when it was returned.  We find no errors in the record, and the judgment of the district court is *affirmed*.